# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TRACY WAYNE VICKERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-00827** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **STATE OF TENNESSEE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Tracy Wayne Vickers is an inmate at the Lovelock Correctional Center in Lovelock, Nevada. He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 against the State of Tennessee; the Tennessee Department of Correction; the Cannon County, Tennessee Sheriff's Department; and Charles Brandon, former Sheriff of Cannon County; seeking damages.[1]

According to the Complaint (Doc. No. 1 at 6-14), in 1999, Vickers received a sentence of two years at 30% for an unspecified crime. (*Id.* at 8). After serving eight months of the sentence in the Cannon County Jail, he was transferred to the custody of the Tennessee Department of Correction where he served an additional eight months. (*Id.*). On August 30, 2000, a warrant was issued for the Plaintiff's arrest, charging him with vandalism. (*Id.* at 10). This warrant remained outstanding until its dismissal on April 6, 2017. (*Id.* at 8).

The Plaintiff raises two claims for relief. First, he alleges that he was forced "to do another

---

[1] This action was originally filed in the United States District Court for the District of Nevada but was transferred to this judicial district to cure a defect in venue. *See* Doc. No. 3.

8 months that I should have <u>Not</u> had to do." (*Id.* at 10). He further complains that the outstanding arrest warrant adversely affected his ability to obtain privileges at his present place of confinement. (*Id.* at 9).

In Tennessee, there is a one year limitation period for the filing of civil rights claims brought pursuant to § 1983. <u>Roberson v. Tennessee</u>, 399 F.3d 792, 794 (6th Cir. 2005). Under federal law, the limitation period begins to run when the Plaintiff knows or has reason to know of the injury that forms the basis of his action. <u>Sevier v. Turner</u>, 742 F.2d 262, 273 (6th Cir. 1984). "In determining when the cause of action accrues in a § 1983 case, we must look to what event should have alerted the typical lay person to protect his or her rights." <u>Edison v. Tenn. Dep't of Children's Servs.</u> 510 F.3d 631, 635 (quoting <u>Dixon v. Anderson</u>, 928 F.2d 212, 215 (6th Cir. 1991)).

The Complaint was signed by the Plaintiff and presumably placed in the prison postal system for mailing on May 8, 2017. (Doc. No. 1 at 14). Plaintiff's claims arose when he was "forced" to serve an additional eight months in the custody of the Tennessee Department of Correction (1999 or 2000) and when the outstanding arrest warrant issued in August, 2000 adversely affected his current security classification (a date that is speculative but clearly longer than a year ago). Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir.1997).

Of course, the limitation period is subject to equitable tolling. <u>Zipes v. Transwold Airlines, Inc.</u>, 455 U.S. 384, 398 (1982). The Plaintiff asserts that "the statute of limitations does not apply in this case because the warrant tolls the statute of limitations." (Doc. No. 1 at 9).

The doctrine of equitable tolling should be applied sparingly. <u>Dunlap v. United States</u>, 250

F.3d 1001, 1008 (6th Cir.2001). The Plaintiff bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Keenan v. Bagley</u>, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the Plaintiff must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).

The events that gave rise to the Plaintiff's claims happened eighteen years ago. The Plaintiff has failed to show both that he has been diligent in pursuing his rights and that some extraordinary circumstance prevented him from raising his claims in a timely manner. The Court, therefore, concludes that the plaintiff has failed to state a claim upon which relief can be granted because this action is untimely. <u>Dellis v. Corrections Corp. of America</u>, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the Complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE